**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-1979**

---

In Re:  SHAPAT AHDAWAN NABAYA; DINAH ABBOTT,

Petitioners.

---

On Petition for Writ of Mandamus.  (3:08-cv-00665-REP)

---

Submitted:  August 10, 2012          Decided:  August 13, 2012

---

Before DUNCAN, WYNN, and THACKER, Circuit Judges.

---

Petition dismissed by unpublished per curiam opinion.

---

Shapat Ahdawan Nabaya and Dinah Abbott, Petitioners Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case comes before the court on a petition for writ of mandamus filed by Shapat Ahdawan Nabaya and Dinah Abbott under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA").[*]

The CVRA affords to victims of crime the rights to reasonable protection from the accused, to notice of court proceedings, to participation in court proceedings, to confer with government counsel, to receive restitution, to proceedings free from unreasonable delay, and to be treated with fairness. 18 U.S.C. § 3771(a). These rights may be asserted in the district court and, if the district court denies relief, the movant may petition the court of appeals for a writ of mandamus. 18 U.S.C. § 3771(d)(3). If such a petition is filed, "[t]he court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed." Id. If the court of appeals denies the relief sought, "the reasons for the denial shall be clearly stated on the record in a written opinion." Id.

This mandamus petition arises out of civil actions filed by petitioners in the district court. As a result of that litigation, the district court sanctioned petitioners $1,000 and enjoined future filings unless the sanction was paid and the court granted leave to file the new action. The sanction order was upheld by

_____

[*] Petitioners' amended petition for writ of mandamus was filed August 10, 2012, at 4:27 p.m.

this court on appeal.  <u>Abbott v. Sun Trust Mortgage</u>, No. 09-1598 (4th Cir. Sept. 14, 2009) (unpublished).

Petitioners maintain that the district court, in the litigation that gave rise to the sanction order and in the application of the order against them, has violated their constitutional rights, sanctioned them without notice, discriminated against them, caused them pain and suffering, delayed their case, denied them due process and a fair trial, and engaged in contempt of court.  They seek the recusal of the district judges and the lifting of the sanction order, as "crime victims of felony offenses by the U.S. Government" entitled to the rights and remedies of the CVRA.

Petitioners are not crime victims under the CVRA, and the alleged denial of their rights by the district court does not make them crime victims.  Their mandamus petition attacks a sanction order entered in civil litigation and upheld on appeal. "The rights codified by the CVRA . . . are limited to the criminal justice process; the Act is therefore silent and unconcerned with victims' rights to file civil claims." <u>United States v. Moussaoui</u>, 483 F.3d 220, 234-35 (4th Cir. 2007).

Accordingly, the court denies petitioners' application to proceed in forma pauperis and dismisses their petition for writ of mandamus.

<u>PETITION DISMISSED</u>

3